UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

| | |
|---|---|
| UNITED STATES OF AMERICA, | MEMORANDUM OF DECISION AND ORDER |
| Plaintiff, | |
| | CR-11-0524 (ADS) |
| - against - | SD/TX PACTS No.: 285201 |
| JOEL OSORIO, | |
| Defendant. | |

----------------------------------------------------------X

**A P P E A R A N C E S :**

    **ROBERT L. CAPERS**
    United States Attorney
    610 Federal Plaza
    Central Islip, NY 11722
    By: Christopher Ott, Assistant United States Attorney

    **JOEL OSORIO**
    Pro Se Defendant, Movant
    708 Franziska Street
    Alamo, TX 78516

    **OLGA POSADA**
    United States Probation Officer
    United States District Court
    Southern District of Texas
    United States Probation Department, McAllen
    1701 West Business 83, Suite 729
    McAllen, TX 78501-5159

**SPATT, District Judge.**

By a Motion to Terminate Defendant's Supervised Release Term, dated April 1, 2016, the Defendant Joel Osorio ("Osorio") moved this Court to terminate the imposed Term of Supervised Release pursuant to 18 U.S.C. § 3583(e)(1). A hearing was not sought. By letter dated July 25, 2016, United States Probation Officer Olga Posada advised the Court that the defendant's term of

1

supervised release to date had been entirely satisfactory with no violations.

All parties agree that Osorio fully complied with the terms and conditions of his Supervised Release and has violated none of those conditions.

By letter dated July 20, 2016, Assistant United States Attorney Christopher Ott stated:

> Consistent with the statutory factors, the government submits that Osorio has failed to present facts and circumstances that demonstrate the "exceptionally good behavior." Osorio has resumed his pre-incarceration life, has resumed his religious endeavors and has been returned to his family. While commendable, these are expected of a person on supervised release and do not constitute the "exceptional behavior."

## **DISCUSSION**

In United States v. McKay, 352 F. Supp. 2d 359 (E.D.N.Y. 2005), this Court reviewed the application of a defendant for early termination of his supervised release. McKay had a flawless record; complied with every request of the United States Probation Department; and was completely compliant with all the rules of supervised release. Citing from the rules set down by the Second Circuit, the Court denied McKay's request for early termination. In a similar case such as this the Court in McKay ruled as follows:

> After considering all the statutory factors, the Court finds that McKay has failed to present facts and circumstances that demonstrate the "exceptionally good behavior" referred to in the precedents. McKay has resumed his pre-incarceration life; apparently, has resumed his organizational endeavors; and has been restored to his family life. All of these activities are commendable but are expected of a person on supervised release and do not constitute the "exceptional behavior" contemplated in the precedents.
>
> As stated in Lussier, early termination is not warranted as a matter of course; on the contrary, it is only "occasionally" justified due to "changed circumstances" of a defendant, such as "exceptionally good behavior." Id. at 36. Therefore, McKay is not entitled to early termination simply because he has successfully served a portion of his supervised release. While McKay's behavior in prison and on supervised release is laudable, it is not so unusual as to merit early

termination. See e.g. United States v. Rasco, 2000 U.S. Dist. LEXIS 497, 2000 WL 45438. No 88 CR 819 (S.D.N.Y. January 19, 2000). Model prison conduct and full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination.

The Court notes, with approval, the language of United States District Judge Robert Sweet in United States v. Medina, 17 F. Supp.2d 245 (S.D.N.Y. 1998).

> Termination of Medina's supervised release is premature. While his post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule.

Accordingly, McKay's application for early termination is denied.

Similar to the situation in McKay, the Court recognizes and appreciates the commendable activities of Osorio in totally adhering to the conditions of his supervised release. This term of supervised release was part of a considered sentence and "is expected of a person under the magnifying glass of supervised release." Osorio's good conduct speaks well of his anticipated future life. However, it is not the "exceptional behavior" which would warrant a premature termination of supervised release. See, also, United States v. Lussier, 104 F.3d 32, 36 (Second Circuit 1997), where the Court stated that early termination required a defendant's "exceptionally good behavior." Here, the Court commends the defendant for his compliance with the terms of the supervised release. However, there is no "exceptional behavior" in this case.

Accordingly, the application by Joel Osorio for early termination of the imposed term of supervised release is denied.

**SO ORDERED.**

Dated: Central Islip, New York
       July 27, 2016

                                          /s/ARTHUR D. SPATT
                                          ARTHUR D. SPATT
                                          United States District Judge